UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 10-167S
:
RYAN McNEILL :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of her supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant appeared for a preliminary revocation hearing on March 11, 2015, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At this hearing, I ordered Defendant detained pending a final sentencing hearing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of six months of incarceration to be followed by thirty months of supervised release with the following special conditions:

1. Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

2. Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

3. Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the probation officer.

4. Defendant shall spend the first three months on curfew with RF monitoring and will be restricted to his residence every day from 9:00 p.m. to 7:00 a.m.

5. Defendant shall participate in a manualized behavioral program as directed by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation officer.

6. The Court also makes a judicial recommendation that Defendant consider participating on the HOPE Court program.

**Background**

On January 29, 2015, the Probation Office petitioned the Court for the issuance of an arrest warrant. On January 30, 2015, the District Court reviewed the request and ordered the issuance of an arrest warrant. Defendant was brought before the Court for a revocation hearing on March 11, 2015 at which time Defendant admitted to the following charges:

> **While on supervision, Defendant shall not commit another federal, state or local crime.**
>
> On May 13, 2014, Mr. McNeill committed the offense of Obstructing an Officer in Execution of Duty as evidenced by his conviction in Sixth Division District Court. Court Docket No. 61-2014-05249.

On December 30, 2014, Mr. McNeill committed the offense of Driving on a Suspended License as evidenced by his arrest by the Hopkinton Police Department on that same date. Court Docket No. 41/2014-3036.

On January 3, 2015, Mr. McNeill committed the offenses of Driving with a Suspended License and Resisting Arrest as evidenced by his arrest by the Pawtucket Police Department on that same date. Court Docket No. 62/2015-89.

**Defendant shall refrain from any unlawful use of a controlled substance.**

Mr. McNeill used cocaine on or about September 9, 2014; October 14, 2014; October 21, 2014; November 6, 2014; November 12, 2014; December 8, 2014 and December 15, 2014, as evidenced by his positive drug tests.

Mr. McNeill used marijuana on or about October 18, 2013; December 30, 2013; January 6, 2014; January 16, 2014; January 27, 2014; February 11, 2014; February 26, 2014; March 12, 2014; March 27, 2014; April 11, 2014; April 23, 2014; May 7, 2014; June 5, 2014; September 15, 2014; September 19, 2014; October 21, 2014; November 18, 2014; December 8, 2014; December 15, 2014 and December 29, 2014, as evidenced by his positive drug tests.

**Defendant shall anser truthfully all inquiries by the probation officer and follow the instructions of the probation office.**

Mr. McNeill failed to report to the Probation Officer and follow instructions on December 19, 2014; December 20, 2014; December 21, 2014; December 24, 2014; January 5, 2015; and January 15, 2015, despite being given specific instructions to do so.

**Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.**

Mr. McNeill has failed to work regularly at a lawful occupation since August 30, 2013 and has not been excused for schooling, training or other acceptable reasons.

**Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

Mr. McNeill failed to notify the probation office ten days prior to changing his residence.

**Participate in a program of mental health treatment as directed and approved by the Probation Office.**

Mr. McNeill failed to attend mental health treatment appointments, as scheduled, on October 10, 2013; October 11, 2013; November 7, 2013; December 4, 2013; January 2, 2014; February 19, 2014; March 19, 2014; April 2, 2014; August 13, 2014; September 2, 2014 and September 25, 2014.

**Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office.**

On June 3, 2014, Mr. McNeill was discharged from Spectrum Health Systems, Inc. for failure to comply with program rules.

**Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.**

Mr. McNeill provided diluted urine specimens on September 25, 2013; October 29, 2013; November 22, 2013; October 28, 2014 and December 1, 2014 and he failed to report for urine screens, as directed, on December 22, 2014, January 5, 2015 and January 12, 2015.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. The maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. Defendant was on supervision for a Class C felony and has not served at term of imprisonment on any prior revocation. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus

the five months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. Defendant has committed a Grade C violation and the statutory maximum term of supervised release has already been imposed. Therefore, the Court may not extend supervision but may revoke or modify supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the

schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. There is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. Defendant had a Criminal History Category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. Defendant committed a Grade C violation and has a Criminal History Category of IV. Therefore, the applicable guideline range of imprisonment for this violation is six to twelve months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is twenty-eight years old. He was convicted at age twenty-four as a felon unlawfully in possession of a firearm. He has a lengthy criminal record and has a long history of substance abuse including marijuana, cocaine and alcohol. He earned his high school diploma while incarcerated at the Rhode Island Training School as a juvenile for a firearm charge.

He received a low-end sentence of thirty-seven months in this case and a thirty-six month term of supervised release with special conditions including mental health and drug treatment. He commenced supervision on August 30, 2013. To date, Defendant's supervised release has been a failure. He promptly returned to his marijuana habit and also tested positive for cocaine on three occasions. He has been arrested three times – for obstructing an officer, twice for driving on a suspended license and once for resisting arrest. He has failed to follow his Probation Officer's instructions on multiple occasions and has missed numerous mental health and drug treatment appointments. He has missed drug tests and has submitted diluted urine specimens to subvert drug testing. Finally, he has not maintained any sustained employment.

Defendant has admitted to several Grade C violations. The guideline range is six to twelve months. The Government seeks an eight-month sentence while Defendant argued for six months. While Defendant's initial period on supervised release has been a failure and a waste of resources, he is still relatively young and may ultimately benefit from supervision and the resources of Probation. Since this is Defendant's first violation and he accepted responsibility by admitting the

violations, I conclude that a low-end sentence of six months is a reasonable sanction and so recommend. I also recommend a thirty-month period of supervised release with the special conditions outlined below, including an initial three-month period on curfew with electronic monitoring.[1]

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of six months of incarceration to be followed by thirty months of supervised release with the following special conditions:

1.   Defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

2.   Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

3.   Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the probation officer.

---

[1] During his allocution, Defendant suggested that his failure may be attributed to the fact that he did not have the benefit of a period of community confinement in a half-way house prior to his release. While I agree that there are benefits to a half-way house transition, I do not attribute Defendant's blatant noncompliance to the lack of a stint in a half-way house. Rather, his behavior is immature and reflects an unwillingness to confront the mental health and substance abuse issues that have plagued him. I do not recommend any period of community confinement because I am confident that Defendant will have access to the resources he needs through Probation upon his release. However, I alert you to the issue in the event you disagree with my assessment or for consideration if Defendant requests community confinement at final sentencing.

4. Defendant shall spend the first three months on curfew with RF monitoring and will be restricted to his residence every day from 9:00 p.m. to 7:00 a.m.

5. Defendant shall participate in a manualized behavioral program as directed by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation officer.

6. The Court also makes a judicial recommendation that Defendant consider participating on the HOPE Court program.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 12, 2015